ORDERED in the Southern District of Florida on 02/26/14

John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

FILIGREE WIDESLAB
OF FLORIDA, INC.,

Case No. 14-11950-RBR

Chapter 7

Debtor.
_____/

## ORDER GRANTING
## TRUSTEE'S MOTION FOR APPROVAL OF AUCTION SALE OF
## SUBSTANTIALLY ALL OF DEBTOR'S EQUIPMENT

THIS CAUSE having come before the Court for hearing on February 19, 2014, upon Trustee, Kenneth Welt's Motion for Approval of Auction Sale of Substantially All of the Debtor's Equipment [ECF No. 9] (the "Motion"), and the Court, having reviewed the Motion, having noted that no objections were filed, finding that notice is sufficient to comply with Bankruptcy Rule 2002(a)(2), Local Rules 9013-1(D) and 6004-1, and any other applicable notice requirement, having heard the arguments of counsel, having determined that the relief requested

in the Motion is in the best interests of the Estate, and based on the record, it is **FOUND** and **HELD** that:

1. Based on its review of the Certificates of Service of the Sale Motion and the Notice of Hearing of the Motion, the Court finds that proper, timely, adequate, and sufficient notice of the Motion and the Auction has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

2. A reasonable opportunity to object or to be heard by all parties in interest with respect to the relief requested in the Motion has been afforded to all known interested persons and entities, and the Court finds that no requests to be heard or objections to the Motion were filed or made at the Hearing.

3. Pursuant to 11 U.S.C. § 363, the transaction subject of the Motion is subject to higher and better offers.

4. The transaction: (a) described in the Motion; and (b) authorized by this final sale order, reflects the proper exercise of the Trustee's sound business judgment, and constitutes a proper exercise of the Trustee's fiduciary duties.

5. Approval of the transaction contemplated in the Motion is in the best interests of the Estate. Good and sufficient business justification for consummating the proposed sale pursuant to Section 363 of the Bankruptcy Code has been established in that, among other things; the sale process conducted by the Trustee as required by Section 363 of the Bankruptcy Code has been fair, open and reasonable, and because, among other things, the Motion was served on all known parties-in-interest, it has given all known parties-in-interest the opportunity to submit higher and better offers.

6.The Debtor is a Florida Corporation, and is thus "located" in the State of Florida pursuant to §679.3071(5), Fla. Stat., and Florida law governs the perfection and priority of any security interests pursuant to § 679.3011, Fla. Stat.. The property being sold is "equipment," as defined in § 679.1021, Fla. Stat.. Thus, pursuant to § 679.5011, Fla. Stat., the appropriate filing office for the property sold is the Florida Secured Transaction Registry, except that any security interests in any motor vehicles must be noted on the certificate of title, in accordance with §§ 319.27 and 679.3111(b), Fla. Stat., and any judgment liens are perfected by a filing of a judgment lien certificate with the Florida Secretary of State. § 55.202, Fla. Stat.

7.Upon the unopposed proffer to the Court, the Court finds that no secured parties are listed in the Florida Secured Transaction Registry, nor on any certificate of title of any motor vehicles, nor in the Florida Department of State's registry of judgment lien certificates. Accordingly, the Court finds that the sale, for any price, meets the requirements of 11 U.S.C. § 363(b)(3).

It is therefore ORDERED as follows:

A.The Motion is GRANTED.

B.At the Auction, as set forth in the Motion, the Trustee shall have the authority to sell substantially all the Debtor's equipment free and clear of all liens and encumbrances, and any liens and encumbrances, to the extent that any exist --and are allowed as secured claims-- shall attach to the proceeds.

C.The Auction shall take place on February 26, 2014, at 11:00 a.m., 3501 Burris Road, Davie, FL 33314 (the "Location"). In order to maximize interest in the Auction, and minimize aggregate Estate expenditure, the Trustee is authorized to conduct auctions for

property of other bankruptcy estates, on the same date, at the same location, but at a separate time, as ordered and directed by the court having jurisdiction over such estates.

      D.      At closing, the Debtor is authorized to pay usual and customary costs and fees out of the proceeds of the sale, as well as any other fees set forth by separate order of the court regarding retention of an auctioneer.

      E.      For good cause shown, the 14-day stay pursuant to Fed.R.Bankr.P. 6004(h) is waived.

      F.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order

###

Submitted by:
Lawrence E. Pecan, Esq.
Marshall Socarras Grant, P.L.
197 S. Federal Highway
Suite 300
Boca Raton, FL 33432
Telephone: (561) 361-1000
lpecan@msglaw.com
efile@msglaw.com

Attorney Pecan is directed to serve copies of this Order on all interested parties and file a certificate thereof.